UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WENDY SWOLINZKY D/B/ A BOOKABOAT,<br>    Plaintiff,<br><br>VS.<br><br>BEVERLY WRIGHT, SPENCER BOOKER,<br>and JAMES NEWMAN,<br>as they are the Aquinnah Board of Selectmen,<br>and BEVERLY WRIGHT, individually,<br>    Defendants. | )<br>)<br>)<br>)<br>) C.A. NO. 1:16-cv-10669-ADB<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AND JURY DEMAND

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Second Amended Complaint fails to state a claim against the defendants, upon which relief can be granted and, therefore, must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Defendants Beverly Wright, Spencer Booker and James Newman, as the Board of Selectmen of Aquinnah (the "Board") and defendant Beverly Wright, individually ("Wright"), for their answer to plaintiff's Second Amended Complaint, answer and aver as follows:

Parties

1. Admitted.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

3. Defendants deny that Beverly Wright is a member of the Board of Selectmen. The defendants admit that Spencer Booker and James Newman are members of the Aquinnah Board of Selectmen and admit that each have only been named in their official capacity as they are the members of the Board.

4. Defendant Wright denies that she is a "resident" of Charleston, West Virginia, although

she admits she lives there seasonally. Otherwise, admitted.

## Facts

5. Defendants admit that plaintiff operates a boat rental business, but otherwise deny knowledge of the details of plaintiff's business.

6. Defendants admit that the Board entered into a written lease with plaintiff pertaining to a small lot of waterfront property on Menemsha Creek known as Lot B, with a term of July 1, 2012 through June 30, 2017.

7. Defendants admit that they became aware over time that plaintiff was either subletting or sharing usage of so-called Lot A with Camille Rose in violation of Rose's lease and the terms and conditions of the deed from the Commonwealth of Massachusetts conveying the property to the Town of Aquinnah, and that a portion of Lot A is in Chilmark. The defendants deny the remainder of the allegations in Paragraph 7.

8. Defendants admit that on December 3, 2013, the Town exercised its express right, under section 17 of its lease with Camille Rose, to assume control over whatever property interest she had in the shed on Lot A because of Rose's failure to renew the same after termination of its lease. The defendants deny the remainder of the allegations in Paragraph 8.

9. Defendants admit that a discussion about the purchase of the shack occurred at and is reflected in the meeting minutes, which is a written document which speaks for itself. Defendants neither admit nor deny the allegations at to the purported email exchange with Ms. Rose as the referenced Exhibit A did not accompany the Second Amended Complaint. The defendants deny the remainder of the allegations in Paragraph 9.

10. Defendants neither admit nor deny the allegations at to the purported email exchange with Ms. Rose as the referenced Exhibit B did not accompany the Second Amended Complaint.

11. Defendants admit that in compliance with the provisions of Chapter 486 of the Acts of 1965, and the terms and conditions of the deed from the Commonwealth of Massachusetts conveying the premises in question, recent leases of the so-called Menemsha Creek lots have contained provisions prohibiting subletting or shared usage, and that the Town did not renew a lease with Camille Rose for Lot A of the Menemsha Creek Lots, because she was unable to demonstrate that she intended to use the property for purposes permitted by that deed. The defendants otherwise deny the remainder of the allegations in Paragraph 11.

12. Defendants admit that in compliance with the provisions of Chapter 486 of the Acts of 1965, and the terms and conditions of the deed from the Commonwealth of Massachusetts conveying the premises in question, recent leases of the so-called Menemsha Creek lots have contained provisions prohibiting subletting or shared usage, and that the Town did

not renew a lease with Camille Rose for Lot A of the Menemsha Creek Lots, because she was unable to demonstrate that she intended to use the property for purposes permitted by that deed. Defendants admit that they became aware over time that plaintiff was either subletting or sharing usage of so-called Lot A with Camille Rose in violation of Rose's lease and the terms and conditions of the deed from the Commonwealth of Massachusetts conveying the property to the Town of Aquinnah, and that a portion of Lot A is in Chilmark. The defendants otherwise deny the remainder of the allegations in Paragraph 12.

13. Defendants admit that plaintiff appeared before the Board to discuss possible lease arrangements. The defendants otherwise deny the remainder of the allegations in Paragraph 13 and state that referenced meeting minutes are a written document which speaks for itself.

14. Defendants admit that the Board and plaintiff discussed a possible switch of leased lots, that plaintiff requested reconfiguration of those lots, and that plaintiff has used the shack on lot A by arrangement with its lessee Camille Rose in violation of the terms of Rose's lease and the conditions under which the Town acquired the Menemsha Creek lots. The defendants otherwise deny the remainder of the allegations in Paragraph 14.

15. Defendants admit that the Board decided to continue its consideration of the proposals made by plaintiff at the January 8, 2013 meeting until its January 22, 2013 meeting.

16. Defendants admit that paragraph 16 appears to be an accurate excerpt from the minutes of the Board's meeting on January 22, 2013, but further state that the referenced Exhibit C did not accompany the Second Amended Complaint.

17. Defendants deny that plaintiff relied on the actions taken by the Board at is January 22, 2013 meeting and lack knowledge or information sufficient to form a belief as to the truth of the remaining averments. The defendants otherwise deny the remainder of the allegations in Paragraph 17.

18. Defendants admit that the wait list policy was discussed at the January 22, 2013 meeting. The defendants otherwise deny the remainder of the allegations in Paragraph 18.

19. Defendants admit that neither plaintiff nor Camille Rose were on the "wait list," and that the Board discussed application of its "wait list" policy to the proposed swap of lots with plaintiff during the January 22, 2013 meeting. The defendants otherwise deny the remainder of the allegations in Paragraph 19.

20. Defendants admit that Wright has worked part-time on a seasonal basis for a business in which Berta Welch is a partner for many years, and that her husband is a first cousin of Berta Welch, and that they are social friends.

21. Defendants admit that the Board rescinded its vote of January 22, 2013, and that it later awarded a lease of Lot A to Vernon Welch. The defendants otherwise deny the remainder

of the allegations in Paragraph 21.

22. Denied.

23. Defendants admit that the Board rescinded its vote of January 22, 2013, and that it later awarded a lease of Lot A to Vernon Welch. Defendants deny that plaintiff owns the "shack" and deny that their vote would likely put plaintiff out of business. The defendants otherwise deny the remainder of the allegations in Paragraph 23 and aver that plaintiff continued her business without interruption after the vote.

24. Defendants admit that the Board rescinded its vote of January 22, 2013, and that it later awarded a lease of Lot A to Vernon Welch. Defendants deny that plaintiff owns the "shack" and deny that their vote would likely put plaintiff out of business. The defendants otherwise deny the remainder of the allegations in Paragraph 24 and aver that plaintiff continued her business without interruption after the vote.

25. Admitted.

## COUNT ONE
### Breach of Contract

26. Denied.

27. Defendants neither admits nor denies the statement contained in Paragraph 27 as it is merely a request by plaintiff for the Court to take notice of referenced recordings not included as exhibits to the Complaint. Defendants deny that such recordings constitute evidence of a contract or executed lease between the Board and plaintiff.

28. Denied.

## COUNT TWO
### Promissory Estoppel

29. Denied.

30. Denied.

31. Denied.

## COUNT THREE
### Interference with Contractual and Advantageous Business Relationships

32. Denied.

33. Denied.

34. Denied.

35. Defendants deny that an agreement was created by the vote of January 22, 2013, and lack knowledge or information sufficient to form a belief as to what plaintiff is ready, willing and able to do and perform.

## COUNT FOUR
## Unconstitutional Taking

36. Defendants admit that the Board met with the Planning Board Plan Review Committee on September 3, 2013 and discussed the feasibility of removal of the shed from Lot A, and the question of ownership of the shed. The defendants otherwise deny the remainder of the allegations in Paragraph 36.

37. Defendants admit that removal of the shed from Lot A is a procedurally complex process, and perhaps impossible. The defendants otherwise deny the remainder of the allegations in Paragraph 37.

38. Defendants admit that the Board considered the issue of the status of the shed at its meeting of December 3, 2013. The defendants otherwise deny the remainder of the allegations in Paragraph 38.

39. Defendants admit that Newman sits on the "Planning Board Plan Review Committee," an advisory board that reports to the Planning Board and participated in the September 3, 2013 meeting. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments concerning "plaintiff's permit applications," which are not further identified or explained.

40. Defendants deny that there has been a "taking" of the shed, or that such an action was considered, and deny that Chapter 30A, section 20(c) requires notice of a public meeting to be given to individuals or that the agenda included in the public notice posted announcing the meeting limits the matters that may be discussed by the Board.

41. Denied.

42. Defendants admit that plaintiff purported to purchase the shed, but deny that plaintiff now holds or ever held any ownership interest therein.

43. Defendants neither admit nor deny the allegations in Paragraph 43 as the contents or the referenced correspondence is a written document which speaks for itself.

44. Defendants neither admit nor deny the allegations in Paragraph 44 as the contents or the referenced correspondence is a written document which speaks for itself.

45. Defendants admit that on December 3, 2013, the Town exercised its express right, under

    section 17 of its lease with Camille Rose, to assume control over whatever property interest she had in the shed on Lot A because of Rose's failure to renew the same after termination of its lease. The defendants otherwise deny the remainder of the allegations in Paragraph 45.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT FIVE
### Mass. Constitution, Declaration of Rights, Art. 10 and 12

50. Defendants incorporate herein their previous responses to the allegations set forth in this Second Amended Complaint.

51. Denied.

52. Denied.

## COUNT SIX
### Federal Civil Rights Claims (42 US Code 1983, 1985)

53. Defendants incorporate herein their previous responses to the allegations set forth in this Second Amended Complaint.

54. Denied.

55. Denied.

## COUNT SEVEN
### Civil Conspiracy

56. Defendants incorporate herein their previous responses to the allegations set forth in this Second Amended Complaint.

57. Denied.

## **THIRD AFFIRMATIVE DEFENSE**

    Plaintiff is estopped by her wrongful conduct from recovery for the matters averred in

the Complaint.

## **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's proposed lease of the property would violate the provisions of Chapter 485 of the Acts of 1965, and is therefore illegal.

## **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to assert claims under Massachusetts General Laws chapter 30A, section 20, because she has not complied with the provisions of Massachusetts General Laws chapter 30A, section 23(e).

## **SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has unclean hands.

## **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

## **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has not been denied any right to which she had a legitimate expectation and therefore has no claim for a taking.

## **NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by applicable statutes of limitation.

## **TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because to the extent she has suffered any damages, such damages were not proximately caused by the Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Ms. Wright, individually, was engaged in legislative activities she is absolutely immune from suit.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Ms. Wright, individually, is entitled to qualified immunity because at all times material hereto, she acted reasonably, within the scope of her official discretion and with a good faith belief that her actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters set forth in the Plaintiff's Second Amended Complaint which bear on a question of state or federal law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Plaintiffs failed to exhaust her administrative remedies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Board states that as they are sued in their official capacity they cannot be held liable because lawsuits against Town officials in their official capacity are tantamount to lawsuits against the Town itself, and therefore the official capacity Board Defendants must be dismissed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because she has not suffered any damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is comparatively or contributorily responsible for her own damages, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged votes, public statements and activities of the individual defendant, Ms. Wright, were absolutely and/or conditionally privileged.

## NINETEENTH AFFIRMATIVE DEFENSE

The acts or omissions of the Board and its elected members, including the individual defendant, Ms. Wright, were protected by law and/or legal process and, therefore, the plaintiff cannot recover.

## TWENTIETH AFFIRMATIVE DEFENSE

The plaintiff failed to allege any unconstitutional custom, policy or practice and, therefore, cannot recover against the defendant, the Board of Selectmen, or any of its members in their official capacity, under 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

The defendant requests a trial by jury on all counts of plaintiff's complaint.

The Defendants,
By their Attorneys,

**PIERCE, DAVIS & PERRITANO LLP**

/s/ Seth B. Barnett

_____
John J. Davis, BBO #115890
Seth B. Barnett, BBO #661497
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com
sbarnett@piercedavis.com

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on April 14, 2016.

/s/ Seth B. Barnett
_____

Seth B. Barnett